GROSS, J.,
concurring specially.
I agree with Judge Bloom’s opinion and write to discuss a law review article which uses language that elucidates Florida’s approach to comparative negligence in seat-belt and helmet cases.
In his 1989 law review article, Professor Leonard Charles Schwartz discusses at length two approaches to apportionment of comparative fault — “apportionment by causation of loss and apportionment by blameworthiness.” Leonard Charles Schwartz, The Myth of Nonapportinment Between a Plaintiff and a Defendant Under Traditional Tort Law and its Signficance for Modem Comparative Fault, 11 U. Ark. Little Rock L.J. 493, 511 (1988/1989). “ ‘Causation’ means ‘causation in fact, which refers to the substantial factors that bring about a ... loss.’ ” Id. at 494-95. “‘Blameworthy1 means ‘a failure to meet some standard of right conduct,”’ which can be described by a term such as “negligent.” Id. at 495.
*1180 Professor Schwartz explains the difference between apportionment by causation of loss and apportionment by blameworthiness:
Apportionment by causation of loss is based on the extent to which each cause contributed to the total loss. Since the amount of loss is the sole criterion, apportionment by causation is not possible if there is no reasonable basis for determining the contribution of each cause.
Apportionment by blameworthiness is based on the degree of blameworthiness of each person. This involves not only an ordinal comparison of whether one person is more blameworthy than the other, but also a cardinal comparison of the extent to which one person was more blameworthy than the other. Since the degree of blameworthiness is the sole criterion, apportionment by blameworthiness is not possible if the blameworthiness differs in kind rather than degree. For example, if intent and negligence are considered as differing in kind, apportionment by blameworthiness is possible among persons whose conduct!] was intentional and among persons whose conduct was negligent; but apportionment is not possible between a person whose conduct was intentional and a person whose conduct was negligent.
With apportionment by causation of loss, the relative degree of blameworthiness is immaterial. With apportionment by blameworthiness, the relative amount of loss caused by each person is immaterial. Apportionment by causation of loss and apportionment by blameworthiness are not necessarily incompatible. But where both methods of apportionment are allowed, problems on priority can arise.
Id. at 511-12 (footnotes omitted). Professor Schwartz identifies Florida as a jurisdiction where “[b]Iameworthiness is the sole or primary criterion for apportionment” of comparative fault. Id. at 513 n. 123. In this case, the trial court treated the comparative fault issue as one of apportionment by causation of loss instead of blameworthiness. A solid argument can be made that apportionment by causation of loss is less subjective and arbitrary than apportionment by blameworthiness. Id. at 513-14. However, Ridley v. Safety Kleen Corp., 693 So.2d 934 (Fla.1996), compels the conclusion that Florida uses blameworthiness as the primary criterion for apportionment of comparative fault.